DAVID M. WALSH (SB# 120761)
dwalsh@mofo.com
MORRISON & FOERSTER
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

Attorneys for Defendants
NATIONAL ELECTRONICS WARRANTY
CORPORATION; NATIONAL ELECTRONICS
WARRANTY LLC

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SMART AND FRIENDLY ENTERPRISES, LLC d/b/a AMERICAN REPAIR SPECIALISTS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL ELECTRONICS WARRANTY CORPORATION; NATIONAL ELECTRONICS WARRANTY LLC, and DOES 1-100,<br><br>Defendants. | CASE NO. 12-CV-09000 R (FFM)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Hon. Manuel L. Real |

1.     PURPOSE, LIMITATIONS, AND GOOD CAUSE

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as "Confidential."  The parties further acknowledge, as set forth in Section 10 below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal.  Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

1.1    <u>Good Cause Statement</u>:  No designation of material as "Confidential" shall be made unless the Designating Party believes in good faith that the material is entitled to protection under Federal Rule of Civil Procedure 26(c).  Good cause exists to designate as "Confidential" the information and documents described in Section 2.3 below.  Unrestricted or unprotected disclosure of confidential, proprietary, or private information would likely result in substantial prejudice or harm to the Designating Party by revealing competitively sensitive and valuable information, or by revealing private personal information to which a valid privacy interest pertains.  Confidential information may constitute valuable tangible and intangible assets of a Designating Party, and unrestricted disclosure may destroy or significantly diminish such value as well as jeopardize the Designating Party's competitive standing.

2.     DEFINITIONS

2.1   <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Rule 26(c).  Any Party or non-party from whom discovery is sought in connection with this action may designate as "Confidential" any documents or portions of documents that contain any of the following categories of information:

(a)    Personal identification information belonging to any customer of National Electronics Warranty Corporation and National Electronics Warranty LLC (collectively, "Defendants"), including, without limitation, name, address, telephone number, e-mail address, type of equipment purchased, type of repair sought, and payment information;

(b)    Any of Defendants' customers' transaction records, which may contain credit card information, personal identification information, or other information in which consumers maintain a reasonable expectation of privacy;

(c)    Defendants' proprietary policies and procedures regarding equipment repair and reimbursement; and

(d)    Non-public financial data maintained by Defendants, including, but not limited to, financial statements, income statements, or other documents reflecting revenue received by Defendants.

2.4  <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5  <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6  <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7  <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential."

2.8  <u>Outside Counsel</u>:  attorneys who are not employees of a Party, but who are retained to represent a Party in this action.

2.9  <u>House Counsel</u>:  attorneys who are employees of a Party.

2.10  <u>Counsel (without qualifier)</u>:  Outside Counsel and House Counsel (as well as their support staff).

2.11  <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12  <u>Professional Vendors</u>:  persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstratives; organizing, storing, or retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.  SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony,

conversations, or presentations by a Party or Counsel to or in court or in other settings that might reveal Protected Material.

4.    DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.    DESIGNATING PROTECTED MATERIAL

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties), could expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken or inadvertent designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see, e.g.*, Section 5.2(a) below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated at or before the time the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in document form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, and then, before producing the specified documents, the Producing Party must affix the appropriate legend (*i.e.*, "CONFIDENTIAL") at the top of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials.

(b)   for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "Confidential."  When it is impractical to identify

1  separately each portion of testimony that is entitled to protection, and when it

2  appears that substantial portions of the testimony may qualify for protection, the

3  Party or non-party that sponsors, offers, or gives the testimony may invoke on the

4  record (before the deposition or proceeding is concluded) a right to have up to 30

5  days to identify the specific portions of the testimony as to which protection is

6  sought.  Only those portions of the testimony that are appropriately designated for

7  protection within the 30 day period shall be covered by the provisions of this

8  Stipulated Protective Order.

9  Transcript pages containing Protected Material must be separately

10 bound by the court reporter, who must affix to the top of each such page the legend

11 "CONFIDENTIAL," as instructed by the Party or non-party offering or sponsoring

12 the witness or presenting the testimony.  The Designating Party will be responsible

13 for any additional costs imposed by the court reporting agency to create separately

14 bound excerpts of deposition transcripts containing Protected Material.

15 (c)   for information produced in some form other than documentary,

16 and for any other tangible items, that the Producing Party affix in a prominent place

17 on the exterior of the package or container in which the information or item is

18 stored the legend "CONFIDENTIAL."  If only portions of the information or item

19 warrant protection, the Producing Party, to the extent practicable, shall identify the

20 protected portions.

21 5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent

22 failure to designate Protected Material as "Confidential" does not, standing alone,

23 waive the Designating Party's right to secure protection under this Order for such

24 material.  If Protected Material is appropriately designated as "Confidential" after

25 the material was initially produced, the Receiving Party, on timely notification of

26 the designation, must make reasonable efforts to assure that the material is treated

27 in accordance with the provisions of this Order.

28

1    6.      CHALLENGING CONFIDENTIALITY

2          6.1      <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating

3    Party's confidentiality designation is necessary to avoid foreseeable substantial

4    unfairness, unnecessary economic burdens, or a later significant disruption or delay

5    of the litigation, a Party does not waive its right to challenge a confidentiality

6    designation by electing not to bring a challenge promptly after the original

7    designation is disclosed.

8          6.2      <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a

9    Designating Party's confidentiality designation must do so in good faith and must

10   begin the process by conferring directly (in person or telephonically) with counsel

11   for the Designating Party.  In conferring, the challenging Party must explain the

12   basis for its belief that the confidentiality designation was not proper and must give

13   the Designating Party an opportunity to review the designated material, to

14   reconsider the circumstances, and, if no change in designation is offered, to explain

15   the basis for the chosen designation.  A challenging Party may proceed to the next

16   stage of the challenge process only if it has engaged in this meet and confer process

17   first.

18         6.3      <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a

19   confidentiality designation after considering the justification offered by the

20   Designating Party may file and serve a motion under Civil Local Rule 37 (and in

21   compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged

22   material and sets forth in detail the basis for the challenge.  Each such motion must

23   be accompanied by a competent declaration that affirms that the movant has

24   complied with the meet and confer requirements imposed in the preceding

25   paragraph and by Civil Local Rule 37-1 and that sets forth with specificity the

26   justification for the confidentiality designation that was given by the Designating

27   Party in the meet and confer dialogue.

28

1    The burden of persuasion in any such challenge proceeding shall be on the

2    Designating Party.  Until the Court rules on the challenge, all parties shall continue

3    to treat the material in question as "Confidential."

4    7.    ACCESS TO AND USE OF PROTECTED MATERIAL

5        7.1    Basic Principles.  A Receiving Party may use Protected Material that is

6    disclosed or produced by another Party or by a non-party in connection with this

7    case only for prosecuting, defending, or attempting to settle this litigation.  Such

8    Protected Material may be disclosed only to the categories of persons and under the

9    conditions described in this Order.  When the litigation has been terminated, a

10   Receiving Party must comply with the provisions of Section 11 below.

11       Protected Material must be stored and maintained by a Receiving Party at a

12   location and in a secure manner that ensures that access is limited to the persons

13   authorized under this Order.

14       7.2    Disclosure of "Confidential" Information or Items.  Unless otherwise

15   ordered by the Court or permitted in writing by the Designating Party, a Receiving

16   Party may disclose any information or item designated "Confidential" only to:

17       (a)    the Receiving Party's Outside Counsel of record in this action,

18   as well as employees of said Outside Counsel to whom it is reasonably necessary to

19   disclose the information for this litigation;

20       (b)    the officers, directors, and employees (including House

21   Counsel) and former employees of the Designating or Receiving Party to whom

22   disclosure is reasonably necessary for this litigation and who have signed the

23   "Acknowledgment and Agreement to Be Bound," attached hereto as Exhibit A;

24       (c)    experts (as defined in this Order) of the Receiving Party to

25   whom disclosure is reasonably necessary for this litigation and who have signed the

26   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

27       (d)    the Court and its personnel;

28       (e)    court reporters and their staff;

1      (f)      any mediator (including his or her staff) retained to mediate this

2  litigation and who has signed the "Acknowledgment and Agreement to Be Bound"

3  (Exhibit A);

4      (g)      professional vendors to whom disclosure is reasonably

5  necessary for this litigation and who have signed the "Acknowledgment and

6  Agreement to Be Bound" (Exhibit A);

7      (h)      during their depositions, and during preparation for deposition

8  or trial testimony, witnesses in the action to whom disclosure is reasonably

9  necessary and who have signed the "Acknowledgment and Agreement to Be

10 Bound" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to

11 depositions that reveal Protected Material must be separately bound by the court

12 reporter and may not be disclosed to anyone except as permitted under this

13 Stipulated Protective Order.

14      (i)      the author of the document or the original source of the

15 information.

16 8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

17 IN OTHER LITIGATION

18      If a Receiving Party is served with a subpoena or an order issued in other

19 litigation that would compel disclosure of any information or items designated in

20 this action as "Confidential," the Receiving Party must so notify the Designating

21 Party in writing (by e-mail or fax, if possible) immediately, and in no event more

22 than three court days after receiving the subpoena or order.  Such notification must

23 include a copy of the subpoena or court order.

24      The Receiving Party also must immediately inform in writing the Party who

25 caused the subpoena or order to issue in the other litigation that some or all the

26 material covered by the subpoena or order is the subject of this Protective Order.  In

27 addition, the Receiving Party must deliver a copy of this Stipulated Protective

28

1  Order promptly to the Party in the other action that caused the subpoena or order to

2  issue.

3         The purpose of imposing these duties is to alert the interested parties to the

4  existence of this Protective Order and to afford the Designating Party in this case an

5  opportunity to try to protect its confidentiality interests in the court from which the

6  subpoena or order issued.  The Designating Party shall bear the burden and the

7  expense of seeking protection of its confidential material in that court — and

8  nothing in these provisions should be construed as authorizing or encouraging a

9  Receiving Party in this action to disobey a lawful directive from another court.

10  9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

11         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

12  Protected Material to any person or in any circumstance not authorized under this

13  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

14  writing the Designating Party of the unauthorized disclosure(s), (b) use its best

15  efforts to retrieve all copies of the Protected Material, (c) inform the person or

16  persons to whom unauthorized disclosures were made of all the terms of this Order,

17  and (d) request such person or persons to execute the "Acknowledgment and

18  Agreement to Be Bound" that is attached hereto as <u>Exhibit A</u>.

19  10.    FILING PROTECTED MATERIAL

20         Without written permission from the Designating Party or a court order

21  secured after appropriate notice to all interested persons, a Party may not file in the

22  public record in this action any Protected Material.  A Party that seeks to file under

23  seal any Protected Material must comply with Civil Local Rule 79-5.  If the non-

24  Designating Party intends to file any Protected Material with the Court, it will

25  provide sufficient advance notice of the intended filing to the Designating Party so

26  that the Designating Party can file a motion to file that Protected Material under

27  seal.

28

11.   FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 above.

12.   PRIVILEGED DOCUMENTS

The Parties agree that either Party's decision to produce certain documents protected by the attorney-client privilege, attorney work product doctrine, or any other recognized legal privilege will be narrowly construed as a limited waiver of the privilege claim as to those documents only.  Such limited waiver shall not have the effect of waiving the privilege as to any other documents.

13.   MISCELLANEOUS

13.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

la-1128737

13.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  May _____, 2013         DAVID M. WALSH
                                MORRISON & FOERSTER LLP


                                By:_____
                                      DAVID M. WALSH

                                Attorneys for Defendants
                                NATIONAL ELECTRONICS
                                WARRANTY CORPORATION;
                                NATIONAL ELECTRONICS
                                WARRANTY LLC

DATED:  May _____, 2013         SUSAN D. SALISBURY


                                By:_____
                                      Susan D. Salisbury

                                Attorney for Plaintiff
                                SMART & FRIENDLY ENTERPRISES,
                                LLC D/B/A/ AMERICAN REPAIR
                                SPECIALISTS.


PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED:   __MAY 7, 2013__        _____
                                      United States District Judge

1

**EXHIBIT A**

2

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3

    I, _____, of

4

_____ _____, declare under penalty of

5

perjury that I have read in its entirety and understand the Stipulated Protective

6

Order that was issued by the United States District Court for the Central District of

7

California on _____ in the case of *Smart & Friendly Enterprises, LLC v.*

8

*National Electronics Warranty Corporation, et al.*, No. 12-CV-09000 R (FFM).  I

9

agree to comply with and to be bound by all the terms of the Stipulated Protective

10

Order and I understand and acknowledge that failure to so comply could expose me

11

to sanctions and punishment in the nature of contempt.  I solemnly promise that I

12

will not disclose in any manner any information or item that is subject to the

13

Stipulated Protective Order to any person or entity except in strict compliance with

14

the provisions of the Order.

15

    I further agree to submit to the jurisdiction of the United States District Court

16

for the Central District of California for the purpose of enforcing the terms of the

17

Stipulated Protective Order, even if such enforcement proceedings occur after

18

termination of this action.

19

Dated:  _____

20

21

Signature _____

22

Printed name:  _____

23

24

25

26

27

28